IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES CONSTRUCTION GROUP f/k/a ANGELO IAFRATE CONSTRUCTION, LLC, | § § § | |
| Plaintiff/Counter-Defendant/ Third-Party Plaintiff, | § § § | |
| vs. | § § | |
| DALLAS/FORT WORTH INTERNATIONAL AIRPORT BOARD, | § § § | |
| Defendant/Counter-Plaintiff/ Third-Party Plaintiff, | § § § | CIVIL ACTION NO. 4-05CV-345 A |
| vs. | § § | |
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, | § § § | |
| Third Party Defendant/ Third-Party Plaintiff. | § § § | |

## JAMES CONSTRUCTION'S OBJECTIONS AND MOTION TO STRIKE DFW'S SUMMARY JUDGMENT EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JAMES CONSTRUCTION GROUP f/k/a ANGELO IAFRATE CONSTRUCTION, LLC (hereinafter "James Construction") and files this its Objections and Motion to Strike DFW's Summary Judgment Evidence and, in support thereof, would respectfully show unto the Court as follows:

## I.      INTRODUCTION[1]

1.      DFW relies upon the following evidence in support of its Response to James Construction's Motion for Partial Summary Judgment: (1) Affidavit of Terence P. Cassidy

_____

[1]   Although DFW originally filed its Response to James Construction's Motion for Partial Summary Judgment and accompanying Appendix on October 13, 2006, and again on October 16, 2006, James Construction did not receive DFW's Appendix until the afternoon of October 20, 2006.

**JAMES CONSTRUCTION'S OBJECTIONS AND MOTION TO STRIKE**                                    **PAGE 1**
**DFW'S SUMMARY JUDGMENT EVIDENCE**
W:\james construction-6582\dfw-6582021\pleadings\motion to strike.doc

Case 4:05-cv-00345-A   Document 73   Filed 10/23/06   Page 2 of 9   PageID 440

(DFW App. pp. 1-12); (2) Affidavit of Albert San Miguel (DFW App., pp. 13-22); (3) Affidavit of Jim Cottle (DFW App. pp. 23-25); (4) Affidavit of Wayne R. Brunzell (DFW App. pp. 26-29); (5) Affidavit of Raymond G. Helmer (DFW App. pp. 30-31); (6) Affidavit of Steve Evans (DFW App. pp. 45-47); (7) Affidavit of Joe D. Tolbert (DFW App. pp. 48 -51); and (8) Affidavit of Terrence P. Cassidy (DFW App. pp. 52 - 81)(collectively the "DFW Affidavits").  For the following reasons, the Court should strike, in whole or in part, the above referenced summary judgment evidence.  James Construction has marked the DFW Affidavits (in black-line) to show which statements should be stricken from each paragraph.[2]

**II.     The Court Should Strike Portions of DFW's Affidavits that Lack Personal Knowledge, Contain Hearsay, Refer to Documents Without Attaching Sworn or Certified Copies, or Rest Upon Conclusory Statements.**

On a motion for summary judgment, or response thereto, *Federal Rule of Civil Procedure* 56(e) provides that supporting and opposing affidavits:

> ...shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

By its express language, Rule 56(e) requires more than an assertion that the affiant has "personal knowledge" and is "competent to testify."  It requires the affiant to show affirmatively that he is competent to testify to the matters stated therein.

Rule 56(e) also requires that in affidavits supporting or opposing summary judgment there can be no hearsay (FED. R. EVID. 801); there can be no statement without foundation (FED. R. EVID. 702, 901); there can be no unexecuted documents (FED. R. EVID. 901); and there can be

---

[2]  In Exhibits A, B, C, D, E, F, and G of Appendix – James Construction's Objections and Motion to Strike DFW's Summary Judgment Evidence, James Construction has provided black-line versions of the DFW Affidavits showing the statements in each affidavit that James Construction moves to strike.  Citations to Appendix – James Construction's Objections and Motion to Strike DFW's Summary Judgment Evidence will be cited as "Strike App., p. ___".

**JAMES CONSTRUCTION'S OBJECTIONS AND MOTION TO STRIKE**                                    **PAGE 2**
**DFW'S SUMMARY JUDGMENT EVIDENCE**
W:\james construction-6582\dfw-6582021\pleadings\motion to strike.doc

no conclusory statements. *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2nd Cir. 1999); *Marshall v. E. Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1994). As a result, a court should strike portions of affidavits that lack personal knowledge, contain hearsay, or rest upon conclusory statements. *Evans v. Techs. Applications & Serv. Co*, 80 F.3d 954, 962 (4th Cir. 1996). In addition, "[w]hen ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also be disregarded by the court." *LaRouche v. Webster*, 175 F.R.D. 452, 455 (S.D.N.Y. 1996)(citations omitted). Moreover, "[i]f documentary evidence is cited as a source of factual contention, Rule 56(e) requires attachment." *Sch. Dist. No. IJ, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *see also* FED. R. CIV. P. 56(e). Thus, statements that refer to unattached documents should be stricken.

Accordingly, to the extent the DFW Affidavits contain inadmissible matters, the inadmissible statements in the DFW Affidavits should be stricken and disregarded. As demonstrated below, the DFW Affidavits are replete with inadmissible matter.

## III.    Both Affidavits of Terence P. Cassidy Contain Inadmissible Matter.[3]

Neither of Mr. Cassidy's two affidavits affirmatively show that he is competent to testify to the matters stated therein. *See Antonio v. O.W. Barnes*, 464 F.2d 584 (4th Cir. 1972); *United States v. M.E. Dibble*, 29 F.2d 598, 602 (9th Cir. 1970). Mr. Cassidy does not explain how his title as Assistant Vice President provides him with personal knowledge of any aspect of the construction of the project or the contract between the parties. Mr. Cassidy fails to show that he has personal knowledge of the alleged problems with the SRMP, the bond obtained by James Construction, or the expert's opinions in this case. Strike App., pp. 2-3, ¶¶ 4, 5, 8, 9; p. 8, ¶ 3. Mr. Cassidy also renders opinion testimony in violation of *Federal Rule of Evidence* 702. Strike

---

[3]  James Construction has submitted a black-line version of the two Affidavits of Terence P. Cassidy in Strike App., pp.1-6 and pp. 7-0.

App., p.5, ¶ 9; p. 8, ¶ 3.

Further, Mr. Cassidy repeatedly makes conclusory statements in his affidavits that are not supported with specific facts and without providing the requisite foundation. Strike App., pp. 2-5, ¶¶ 4, 5, 8, 9; p.8, ¶ 3. Bare allegations of fact, ultimate or conclusory facts, and legal conclusions are not sufficient. *Marshall*, 134 F.3d at 324. Additionally, certain statements made by Mr. Cassidy are inadmissible legal conclusions. *Id.* Strike App., p. 5, ¶ 9. Mr. Cassidy also improperly references documents in his affidavit without attaching sworn or certified copies. FED. R. CIV. P. 56(e); Strike App., p.3, ¶ 4. These statements are inadmissible and should be stricken and disregarded by the Court.

## IV.   The Affidavit of Albert San Miguel Contains Inadmissible Matter.[4]

Mr. Miguel fails to explain how his title as Project Manager provides him with personal knowledge of the Project or any of the facts set forth in his Affidavit. Strike App., pp. 11-12, ¶¶ 2, 3, 4. Further, Mr. Miguel offers unsubstantiated expert opinions, even though he is not an expert, nor has DFW designated him as an expert. FED. R. EVID. 702. Mr. Miguel also fails to establish his qualifications for offering opinion testimony or the basis for the opinions given. Strike App., pp. 11-12, ¶¶ 2, 3, 4. Finally, the documents attached to Mr. Miguel's affidavit are not properly authenticated and contain inadmissible hearsay. FED. R. CIV. EVID. 801 & 901(b). These statements are inadmissible and should be stricken and disregarded by the Court.

## V.   The Affidavit of Jim Cottle Contains Inadmissible Matter.[5]

Mr. Cottle's Affidavit references unsworn documents that are not attached to the Affidavit. FED. R. CIV. P. 56(e). Strike App., pp. 14-15, ¶¶ 4-5. Mr. Cottle also makes conclusory statements regarding the  alleged collapse of the SRMP and the joints in the SRMP

---

[4]   James Construction has submitted a black-line version of the Affidavit of Albert San Miguel in Strike App., pp. 10-12.

[5]   James Construction has submitted a black-line version of the Affidavit of Jim Cottle in Strike App., pp. 13-15.

because he does not provide specific facts that establish his personal knowledge and/or the basis for his statements. Strike App., p. 15, ¶ 7. These statements are inadmissible and should be stricken and disregarded by the Court.

## VI.    The Affidavit of Wayne Brunzell Contains Inadmissible Matter.[6]

Mr. Brunzell is a testifying expert retained by DFW. Ironically, DFW now relies on the affidavit testimony of Mr. Brunzell. In his affidavit, Mr. Brunzell does not refer to or rely upon his written report, which contain his opinions relating to the SRMP.

In order for an expert's affidavit to be admissible in the context of a summary judgment proceeding, the affidavit must: (1) set forth the expert's opinion; (2) set forth the facts on which the opinion is based; and (3) set forth the reasoning on which the opinion is based. *Dolihite v. Maughon*, 74 F.3d 1027, 1047 (11th Cir. 1996). Because Mr. Brunzell's Affidavit fails to set forth the basis for his opinion in paragraph six (6), this paragraph should be stricken and disregarded. Strike App., p.18. James Construction also requests that the Court strike Mr. Brunzell's opinions that are outside the scope of his written report. Strike App., p.18, ¶¶ 5 & 6. Mr. Brunzell also refers to documents in his Affidavit but fails to attach sworn or certified copies of these documents. FED. R. CIV. P. 56(e). Strike App., pp. 17-18, ¶¶ 3, 4, 5. These statements are inadmissible and should be stricken and disregarded by the Court.

## VII.   The Affidavit of Raymond G. Helmer, Jr. Should Be Struck In Its Entirety.[7]

Mr. Helmer's affidavit is defective for the same reasons as Mr. Brunzell's affidavit. The Helmer Affidavit is only two paragraphs long, wherein Mr. Helmer states his name, attaches excerpts of his expert report and states an estimated cost to remove and replace the SRMP. The

---

[6] James Construction has submitted a black-line version of the Affidavit of Wayne R. Brunzell in Strike App., pp. 16-19.

[7] James Construction has submitted a black-line version of the Affidavit of Raymond G. Helmer, Jr. in Strike App., pp. 20-21.

Helmer Affidavit fails to meet the requirements of admissibility for an expert witness affidavit. *See Dolihite*, 74 F.3d at 1047. Mr. Helmer does not state the basis for his opinion, nor does Mr. Helmer explain the facts upon which his opinion is based. *Id.* Furthermore, Mr. Helmer's affidavit contains inadmissible hearsay. FED. R. EVID. 801. Strike App., p.21, ¶ 2. For these reasons, the Helmer Affidavit and its exhibits should be stricken in their entirety and disregarded by the Court.

## VIII.   The Affidavit of Steve Evans Contains Inadmissible Matter.[8]

James Construction requests that the Court strike statements in the Evans Affidavit and attendant exhibits that refer to documents without attaching sworn or certified copies of the document. FED. R. CIV. P. 56(e); Strike App., pp. 23-24, ¶¶ 2, 3, 4. Furthermore, the Evans Affidavit contains inadmissible hearsay. Strike App., p. 24, ¶ 4. Mr. Evans's references to unattached documents constitute inadmissible hearsay. FED. R. EVID. 801. These statements are inadmissible and should be stricken and disregarded by the Court.

## IX.   Exhibit A to the Affidavit of Joe D. Tolbert Should Be Struck In Its Entirety.

Exhibit A to the Tolbert Affidavit is a deposition transcript that has not been properly authenticated and is inadmissible. FED. R. CIV. EVID. 901; *Orr v. Bank of Am.*, 285 F.3d 764, 774 (9th Cir. 2002) ("A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent."). The deposition excerpt does not identify the name of the deponent and the action, nor does it contain the reporter's certification that the deposition is a true record of the testimony of the deponent. Therefore, Exhibit A to the Tolbert Affidavit should be stricken by the Court.

---

[8] James Construction has submitted a black-line version of the Affidavit of Steve Evans in Strike App., pp. 22-24.

**JAMES CONSTRUCTION'S OBJECTIONS AND MOTION TO STRIKE**                                          **PAGE 6**
**DFW'S SUMMARY JUDGMENT EVIDENCE**
W:\james construction-6582\dfw-6582021\pleadings\motion to strike.doc

## X.      Conclusion

For the foregoing reasons, James Construction respectfully requests that the Court strike the foregoing DFW Affidavits, in whole or in part, disregard all inadmissible matter and the attendant exhibits identified in the DFW Affidavits, and grant James Construction such further and other relief, both at law and in equity, to which James Construction would show itself to be justly entitled.

Respectfully submitted,

Brian T. Cooper, State Bar No. 24012451
Robert J. Shapiro, State Bar No. 18111075

CANTERBURY, STUBER, ELDER, GOOCH
& SURRATT, P.C.
5005 LBJ Freeway, Suite 1000
Dallas, Texas  75244-6119
Telephone:      (972) 239-7493
Facsimile:      (972) 458-2554

ATTORNEYS FOR JAMES CONSTRUCTION
GROUP f/k/a ANGELO IAFRATE
CONSTRUCTION, LLC AND NATIONAL FIRE
INSURANCE COMPANY OF HARTFORD

**JAMES CONSTRUCTION'S OBJECTIONS AND MOTION TO STRIKE**
**DFW'S SUMMARY JUDGMENT EVIDENCE**
W:\james construction-6582\dfw-6582021\pleadings\motion to strike.doc

**PAGE 7**

## CERTIFICATE OF CONFERENCE

On Monday, October 23, 2006, at approximately 10:00 a.m., Brian T. Cooper and Robert J. Shapiro, counsel for James Construction, initiated a call to, and spoke on the telephone with, counsel for DFW International Airport Board, Mr. Joe D. Tolbert and Mr. Luis A. Galindo. The telephone conversation was scheduled to take place as a result of e-mails exchanged between Mr. Cooper and Mr. Tolbert on Sunday, October 22, 2006 and Monday, October 23, 2006. The topic for conference was the objections and motion to strike DFW's summary judgment evidence that James Construction intended to file, in conjunction with James Construction's reply to DFW's response to James Construction's motion for partial summary judgment on DFW's SRMP counterclaim. In accordance with the Order of the Court signed on October 19, 2006 and received by counsel on Friday, October 20, 2006, James Construction's reply to DFW's response to the summary judgment motion was to be filed by 2:00 p.m. on October 23, 2006. Although DFW had originally filed its response to the motion for partial summary judgment, with its appendix containing eight (8) affidavits on October 13, 2006 and re-filed on October 16, 2006, counsel for James Construction only received DFW's appendix after noon on Friday, October 20, 2006. Counsel for James Construction had notified counsel for DFW via e-mail on two occasions, on October 18 and October 20, 2006, that James Construction had still not received the appendix. In light of the 2:00 p.m. filing deadline set by the Court and the recent receipt of DFW's Appendix containing the eight (8) affidavits upon which DGW relied in its response, counsel for James Construction was able to only preview and generally state the evidentiary grounds for its objections and motion to strike and was unable to present the specific objections in written form or to otherwise engage in a detailed conversation about specific lines of testimony in each affidavit to which it objects and seeks to have stricken.

Therefore, this matter is presented to the Court for determination.

_____
Brian T. Cooper

**JAMES CONSTRUCTION'S OBJECTIONS AND MOTION TO STRIKE**
**DFW'S SUMMARY JUDGMENT EVIDENCE**
W:\james construction-6582\dfw-6582021\pleadings\motion to strike.doc

**PAGE 8**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has this 23rd day of October, 2006, been duly served upon the persons listed below via certified mail, return receipt requested.

> *via certified mail, receipt no. 7003 3110 0003 3267 9052*
> Luis A. Galindo, Esq.
> 600 Fort Worth Club Building
> 306 West 7th Street
> Fort Worth, Texas 76102
>
> *via certified mail, receipt no. 7003 3110 0003 3267 9069*
> Joe D. Tolbert, Esq.
> Harris, Finley & Bogle, P.C.
> 777 Main Street, Ste. 3600
> Fort Worth, Texas 76102

_____
Brian T. Cooper

**JAMES CONSTRUCTION'S OBJECTIONS AND MOTION TO STRIKE**
**DFW'S SUMMARY JUDGMENT EVIDENCE**
W:\james construction-6582\dfw-6582021\pleadings\motion to strike.doc

**PAGE 9**